"EXHIBIT A"



# PROFFITT & COX
Attorneys at Law

PROFFITT & COX, LLP
140 WILDEWOOD PARK DRIVE, SUITE A
COLUMBIA, SC 29223
TELEPHONE (803) 834-7097
FACSIMILE (888) 711-1057
WWW.PROFFITTCOX.COM

DAVID PROFFITT
dproffitt@proffittcox.com

**BY PERSONAL PROCESS SERVER**

October 9, 2015

Rose Dobson-Elliott, County Administrator
Hampton County Administrative Center
200 Jackson Avenue East
Hampton, SC 29924
(803) 914-2100

Betty W. Hodges
Veterans Affairs Officer
201 Jackson Avenue West
Hampton, SC 29924
(803) 914-2085

RE: Jasmine Z. Salaam v. Hampton County and Hampton County Veterans Affairs
C.A. No. 2015-CP-25-228
PC File No. 1411.01

Dear Ms. Dobson-Elliott and Ms. Hodges:

Please find enclosed for service upon Hampton County and Hampton County Veterans Affairs Office a copy of the Summons and Complaint in the above case filed June 18, 2015.

With kindest personal regards, I remain

Sincerely yours,

PROFFITT & COX, LLP

David Proffitt

RDP/nif
Enclosures

[RECEIVED OCT 12 2015]

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) "EXHIBIT A" | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HAMPTON | ) | |
| | ) | |
| Jasmine Salaam, | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | 2015-CP-25-228 |
| vs. | ) | |
| Hampton County, et al. | ) | |
| Defendant(s) | ) | |

Submitted By: David Proffitt
Address: Proffitt & Cox, LLP
140 Wildewood Park Drive, Suite A
Columbia, SC 29223

SC Bar #: 11193
Telephone #: (803) 834-7097
Fax #: 1-888-711-1057
Other:
E-mail: dproffitt@proffittcox.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.   ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

**Contracts**
☐ Constructions (100)
☐ Debt Collection (110)
☒ Employment (120)
☐ General (130)
☐ Breach of Contract (140)
☐ Other (199)

**Torts - Professional Malpractice**
☐ Dental Malpractice (200)
☐ Legal Malpractice (210)
☐ Medical Malpractice (220)
Previous Notice of Intent Case #
20____-NI-____-____
☐ Notice/File Med Mal (230)
☐ Other (299)

**Torts – Personal Injury**
☐ Assault/Slander/Libel (300)
☐ Conversion (310)
☐ Motor Vehicle Accident (320)
☐ Premises Liability (330)
☐ Products Liability (340)
☐ Personal Injury (350)
☐ Wrongful Death (360)
☐ Other (399)

**Real Property**
☐ Claim & Delivery (400)
☐ Condemnation (410)
☐ Foreclosure (420)
☐ Mechanic's Lien (430)
☐ Partition (440)
☐ Possession (450)
☐ Building Code Violation (460)
☐ Other (499)

**Inmate Petitions**
☐ PCR (500)
☐ Mandamus (520)
☐ Habeas Corpus (530)
☐ Other (599)

**Administrative Law/Relief**
☐ Reinstate Drv. License (800)
☐ Judicial Review (810)
☐ Relief (820)
☐ Permanent Injunction (830)
☐ Forfeiture-Petition (840)
☐ Forfeiture—Consent Order (850)
☐ Other (899)

**Judgments/Settlements**
☐ Death Settlement (700)
☐ Foreign Judgment (710)
☐ Magistrate's Judgment (720)
☐ Minor Settlement (730)
☐ Transcript Judgment (740)
☐ Lis Pendens (750)
☐ Transfer of Structured Settlement Payment Rights Application (760)
☐ Confession of Judgment (770)
☐ Petition for Workers Compensation Settlement Approval (780)
☐ Other (799)

**Appeals**
☐ Arbitration (900)
☐ Magistrate-Civil (910)
☐ Magistrate-Criminal (920)
☐ Municipal (930)
☐ Probate Court (940)
☐ SCDOT (950)
☐ Worker's Comp (960)
☐ Zoning Board (970)
☐ Public Service Comm. (990)
☐ Employment Security Comm (991)
☐ Other (999)

**Special/Complex /Other**
☐ Environmental (600)
☐ Automobile Arb. (610)
☐ Medical (620)
☐ Other (699)
☐ Pharmaceuticals (630)
☐ Unfair Trade Practices (640)
☐ Out-of-State Depositions (650)
☐ Motion to Quash Subpoena in an Out-of-County Action (660)
☐ Sexual Predator (510)

Submitting Party Signature: /s/ David Proffitt       Date: June 18, 2015

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (10/2014)                                          Page 1 of 2

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.

"EXHIBIT A"

2015-CP-25-228

STATE OF SOUTH CAROLINA    IN THE COURT OF COMMON PLEAS

COUNTY OF HAMPTON    C.A. No. _____

Jasmine Salaam,

          Plaintiff,

v.

Hampton County and Hampton County
Veterans Affairs Office,

          Defendants.

FILED 2015 JUN 18 AM 10:19 LINDA D. NETTLES CLERK OF COURT HAMPTON COUNTY S.C.

## SUMMONS

TO:   Hampton County and Hampton County Veterans Affairs Office

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office at 140 Wildewood Park Drive, Suite A, Columbia, South Carolina, 29223 within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

          PROFFITT & COX, LLP

          _____
          David Proffitt
          140 Wildewood Park Drive, Suite A
          Columbia, S.C. 29223
          Telephone: (803) 834-7097
          Fax: (888) 711-1057
          Email: dproffitt@proffittcox.com

          Attorneys for Plaintiff

June 18, 2015

1

STATE OF SOUTH CAROLINA            IN THE COURT OF COMMON PLEAS

COUNTY OF HAMPTON                  C.A. No. 2015-CP-25-228

Jasmine Salaam,

        Plaintiff,

v.

Hampton County and Hampton County
Veterans Affairs Office,

        Defendants.

## COMPLAINT
### (JURY TRIAL DEMANDED)

Plaintiff Jasmine Salaam, by and through her undersigned counsel, complaining of the Defendants Hampton County and Hampton County Veterans Affairs Office, alleges and states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Jasmine Salaam is a resident of Allendale County, South Carolina.

2. Defendant Hampton County is a county government and political subdivision of the state of South Carolina. On information and belief, Defendant has regularly employed fifteen or more employees during the current or preceding calendar year.

3. Defendant Hampton County Veterans Affairs Office is a department or agency established by and under the control of Hampton County.

4. This Court, as a court of general jurisdiction in South Carolina, has subject matter jurisdiction over this lawsuit and personal jurisdiction over the parties.

5. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

6.  Plaintiff Jasmine Salaam is a woman.

7.  On or about June 3, 2014, Plaintiff Jasmine Salaam was hired as an employee of Defendant Hampton County and Hampton County Veterans Affairs Office.

8.  On or about June 20, 2014, Plaintiff's employment was wrongfully and unlawfully terminated.

9.  Plaintiff was fired because she was then pregnant, in violation of state and federal laws barring discrimination on the basis of sex, which includes prohibitions barring discrimination on the basis of pregnancy.

10.  Plaintiff, acting pro se, filed a charge of employment discrimination against Defendant Hampton County with the South Carolina Human Affairs Commission (SHAC) on September 4, 2014. In South Carolina, a deferral state in which the U.S. Equal Employment Opportunity Commission (EEOC) has delegated certain duties to SHAC, the charge of discrimination was dual filed with the EEOC. See SHAC / EEOC Charge No. 14C-2014-01170.

11.  More than 180 days has passed since the filing of Plaintiff's charge of discrimination and SHAC has not filed an action or entered into a conciliation agreement to which Plaintiff is a party.

### FOR A FIRST CAUSE OF ACTION
(Sex discrimination -- Pregnancy Discrimination
Under S.C. Human Affairs Law, S.C. Code Ann. § 1-13-10 et seq.)

12.  Plaintiff incorporates each of the foregoing allegations as fully as if repeated herein verbatim.

13.  Plaintiff, a woman, belongs to a protected group.

14.  Plaintiff was subjected to sex discrimination, including discrimination due to her

pregnancy, by Defendants.

15. The discrimination complained of by Plaintiff was based on sex.

16. Defendants, acting through their duly authorized employees or agents, knew or should have known about the sex/pregnancy discrimination, but took no effective remedial action.

17. Defendants, acting through their duly authorized agents and employees, committed and adhered to various sexually discriminatory decisions, practices, and policies that affected Plaintiff's compensation, terms, conditions, and privileges of employment including, but not limited to, the following:

 a. Discriminating against Plaintiff on the basis of sex/pregnancy discrimination;

 b. Firing, refusing to hire, employ, continue employing or otherwise penalizing Plaintiff due to sex/pregnancy discrimination;

 c. Failing to properly train and instruct their agents and employees on state and federal laws regarding sex/pregnancy discrimination;

 d. Failing to properly supervise their agents and employees in order to prevent sex/pregnancy discrimination in the workplace;

 e. Failing to properly enforce state and federal laws regarding sex/pregnancy discrimination in the workplace;

 f. Failing to establish Defendants' own internal policies and procedures with regard to prohibitions against sex/pregnancy discrimination in the workplace;

 g. Failing to follow or enforce Defendants' own internal policies and procedures with regard to prohibitions against sex/pregnancy discrimination in the workplace; or

 h. In other ways that will be discovered during the course of this litigation.

4

18. The effect of the negligent or intentional decisions, practices, and policies pursued by Defendants as alleged herein discriminated against Plaintiff and deprived her of fair and equal employment opportunities, and adversely affected her status as an employee because of her sex/pregnancy in violation of S.C. Code Ann. § 1-13-10 et seq.

19. Defendants are vicariously liable for the negligent or intentional decisions, practices, and policies pursued by its employees or agents. Furthermore, Defendants acted wrongfully and unlawfully in failing to take effective action to prevent such discrimination.

20. As a result of Defendant's negligent or intentional actions or omissions, Plaintiff has been wrongfully terminated from her job, deprived of income in the form of wages, both back pay and front pay, and prospective retirement benefits, social security, and other benefits due to her as an employee because of her sex and/or pregnancy in a sum to be proven at trial. Plaintiff also has suffered emotional and mental distress, physical and mental pain and suffering, medical and counseling expenses, loss of enjoyment of life, and damage to her reputation as a result of Defendant's actions.

21. Defendant has acted maliciously or with reckless indifference to Plaintiff's rights. Plaintiff is entitled to be reinstated to her position and to recover all actual, compensatory and punitive damages allowed by law, as well as prejudgment interest, attorney's fees, expert's fees and the costs of bringing this action.

### FOR A SECOND CAUSE OF ACTION
(Sex discrimination – Pregnancy Discrimination
Under Title VII, 42 U.S.C. § 2000e-2, et seq., and 42 U.S.C. § 1981a)

22. Plaintiff incorporates each of the foregoing allegations as fully as if repeated herein verbatim.

23. Plaintiff, a woman, belongs to a protected group.

24. Plaintiff was subjected to sex discrimination, including discrimination due to her pregnancy, by Defendants.

25. The discrimination complained of by Plaintiff was based on sex.

26. Defendants, acting through their duly authorized employees or agents, knew or should have known about the sex/pregnancy discrimination, but took no effective remedial action.

27. Defendants, acting through their duly authorized agents and employees, committed and adhered to various sexually discriminatory decisions, practices, and policies that affected Plaintiff's compensation, terms, conditions, and privileges of employment including, but not limited to, the following:

   a. Discriminating against Plaintiff on the basis of sex/pregnancy discrimination;

   b. Firing, refusing to hire, employ, continue employing or otherwise penalizing Plaintiff due to sex/pregnancy discrimination;

   c. Failing to properly train and instruct their agents and employees on state and federal laws regarding sex/pregnancy discrimination;

   d. Failing to properly supervise their agents and employees in order to prevent sex/pregnancy discrimination in the workplace;

   e. Failing to properly enforce state and federal laws regarding sex/pregnancy discrimination in the workplace;

   f. Failing to establish Defendants' own internal policies and procedures with regard to prohibitions against sex/pregnancy discrimination in the workplace;

   g. Failing to follow or enforce Defendants' own internal policies and procedures with regard to prohibitions against sex/pregnancy discrimination in the workplace; or

h. In other ways that will be discovered during the course of this litigation.

28. The effect of the negligent or intentional decisions, practices, and policies pursued by Defendants as alleged herein discriminated against Plaintiff and deprived her of fair and equal employment opportunities, and adversely affected her status as an employee because of her sex/pregnancy in violation of 42 U.S.C. § 2000e-2, et seq., and 42 U.S.C. § 1981a.

29. Defendants are vicariously liable for the unlawful, negligent or intentional decisions, practices, and policies pursued by its employees or agents. Furthermore, Defendants acted wrongfully and unlawfully in failing to take effective action to prevent such discrimination.

30. As a result of Defendant's unlawful, negligent or intentional actions or omissions, Plaintiff has been wrongfully terminated from her job, deprived of income in the form of wages, both back pay and front pay, and prospective retirement benefits, social security, and other benefits due to her as an employee because of her sex and/or pregnancy in a sum to be proven at trial. Plaintiff also has suffered emotional and mental distress, physical and mental pain and suffering, medical and counseling expenses, loss of enjoyment of life, and damage to her reputation as a result of Defendant's actions.

31. Defendant has acted maliciously or with reckless indifference to Plaintiff's rights. Plaintiff is entitled to be reinstated to her position and to recover all actual, compensatory and punitive damages allowed by law, as well as prejudgment interest, attorney's fees, expert's fees and the costs of bringing this action.

### FOR A THIRD CAUSE OF ACTION
(Breach of Contract / Violation of Employee Handbook)

32. Plaintiff incorporates each of the foregoing allegations as fully as if repeated herein verbatim.

33. Plaintiff and Defendants entered into an enforceable contract of employment.

7

34. Defendants breached the contract by failing to follow or enforce their own policies and procedures with regard to sex/pregnancy discrimination, as set forth in ¶ 17.

35. Defendants are vicariously liable for the unlawful, negligent or intentional decisions, practices, and policies pursued by its employees or agents. Furthermore, Defendants acted wrongfully and unlawfully in failing to take effective action to prevent such discrimination.

36. As a result of Defendant's unlawful, negligent or intentional actions or omissions, Plaintiff has been wrongfully terminated from her job, deprived of income in the form of wages, both back pay and front pay, and prospective retirement benefits, social security, and other benefits due to her as an employee because of her sex and/or pregnancy in a sum to be proven at trial. Plaintiff also has suffered emotional and mental distress, physical and mental pain and suffering, medical and counseling expenses, loss of enjoyment of life, and damage to her reputation as a result of Defendant's actions.

37. Defendant has acted maliciously or with reckless indifference to Plaintiff's rights. Plaintiff is entitled to be reinstated to her position and to recover all actual, compensatory and punitive damages allowed by law, as well as prejudgment interest, attorney's fees, expert's fees and the costs of bringing this action.

## FOR A FOURTH CAUSE OF ACTION
(Negligence / Gross Negligence / Negligent hiring, training or supervision)

38. Plaintiff incorporates each of the foregoing allegations as fully as if repeated herein verbatim.

39. Defendants, acting through their duly authorized employees and agents, owed a duty of care to follow and enforce state and federal anti-discrimination laws, as set forth herein.

40. Defendants breached their duty by failing to follow and enforce state and federal anti-discrimination laws, or in failing to establish, follow or enforce their own policies and

procedures with regard to sex/pregnancy discrimination, as set forth in ¶ 17.

41. Defendants are vicariously liable for the unlawful or negligent decisions, practices, and policies pursued by its employees or agents. Furthermore, Defendants acted wrongfully and unlawfully in failing to take effective action to prevent such discrimination.

42. As a result of Defendant's unlawful or negligent actions or omissions, Plaintiff has been wrongfully terminated from her job, deprived of income in the form of wages, both back pay and front pay, and prospective retirement benefits, social security, and other benefits due to her as an employee because of her sex and/or pregnancy in a sum to be proven at trial. Plaintiff also has suffered emotional and mental distress, physical and mental pain and suffering, medical and counseling expenses, loss of enjoyment of life, and damage to her reputation as a result of Defendant's actions.

43. Defendant has acted maliciously or with reckless indifference to Plaintiff's rights. Plaintiff is entitled to be reinstated to her position and to recover all actual, compensatory and punitive damages allowed by law, as well as prejudgment interest, attorney's fees, expert's fees and the costs of bringing this action.

## DEMAND FOR JURY TRIAL

44. Plaintiff requests a jury trial on all issues deemed triable to a jury.

WHEREFORE, having fully set forth her Complaint, Plaintiff respectfully prays this Court to:

a. Issue an order or judgment requiring Defendants to make Plaintiff whole by providing appropriate back pay, front pay, and reimbursement for lost pension, retirement, social security, health insurance and other benefits, plus prejudgment interest, in an amount to be shown at trial;

b. Issue an order or judgment requiring Defendants to pay Plaintiff actual, compensatory and punitive damages as allowed by law and in an amount to be shown at trial;

c. Issue an order or judgment requiring Defendants to reinstate Plaintiff to her former position at her former salary and with all job-related benefits, including any raises and increases in benefits due Plaintiff since her wrongful termination;

d. Issue an order or judgment requiring Defendants to purge any and all negative references from her personnel file, and refrain from relaying any negative references or comments to any future employer;

e. Issue an order or judgment requiring Defendants to be taxed with the costs of this action, including attorney's fees, expert's fees and the costs of bringing this action; and

f. Grant such additional relief as the Court may deem just and proper.

Respectfully submitted,

                    PROFFITT & COX, LLP

                    David Proffitt
                    140 Wildewood Park Drive, Suite A
                    Columbia, S.C. 29223-6518
                    Telephone: (803) 834-7097
                    Fax: (888) 711-1057
                    Email: dproffitt@proffittcox.com

                    Attorneys for Plaintiff

June 18, 2015